## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **PERUGIA INVESTMENTS LTD.** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-CV-01373** |
| | § | |
| **ABRAHAM MIRMAN** | § | |
| *Defendant/Third-Party Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **RONALD D. ORMAND** | § | |
| *Third-Party Defendant.* | § | |

## DEFENDANT ABRAHAM MIRMAN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND THIRD PARTY COMPLAINT

Pursuant to Federal Rules of Civil Procedure, Defendant Abraham Mirman ("Defendant" or "Mirman") by and through his undersigned counsel, files this Answer to Plaintiff Perugia Investments Ltd.'s (hereinafter "Plaintiff" or "Perugia") First Amended Complaint (Dkt. No. 21) and Third Party Complaint (unchanged from Dkt. No. 14) against Ronald D. Ormand (hereinafter "Ormand").

### I.    INTRODUCTION

The Introduction contains a legal argument, which Mirman is not required to either admit or deny. To the extent the Introduction is construed to be a factual allegation or contain any factual allegations, Mirman admits that Plaintiff and Mirman are citizens of different states and otherwise denies any remaining allegation(s) in the Introduction.

## II.    PARTIES

2.1    Mirman lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 2.1 and, accordingly, denies them.

2.2    Admitted.

## III.    JURISDICTION

3.1    Mirman admits that this Court has jurisdiction and that Plaintiff has alleged an amount in controversy exceeding $75,000.

3.2    Admitted that, pursuant to the terms of the Notes, Mirman has agreed to personal jurisdiction in this Court for the claims presently brought by Plaintiff.

## IV.    VENUE

4.1    Mirman admits that venue in this District is proper.

4.2    Admitted that, pursuant to the terms of the Notes, Mirman has agreed to venue in this Court for the claims presently brought by Plaintiff.

## V.    CONDITIONS PRECEDENT

Denied.

## VI.    FACTUAL ALLEGATIONS

6.1    Mirman admits that the terms of the Notes speak for themselves. Mirman is without knowledge or information sufficient to form a belief as to the effectiveness of the purported assignment of Note Two to Plaintiff and therefore denies same. Except as specifically admitted herein, denied.

6.2    Mirman admits that the terms of the Notes speak for themselves. Otherwise, denied.

## VII.    CAUSE OF ACTION:  BREACH OF CONTRACT

7.1     This is a legal assertion to which no answer is required. To the extent a response is required, denied.

7.2     This is a legal assertion to which no answer is required. To the extent a response is required, denied.

7.3     This is a legal assertion to which no answer is required. To the extent a response is required, denied.

7.4     This is a legal assertion to which no answer is required. To the extent a response is required, denied.

7.5     This is a legal assertion to which no answer is required. To the extent a response is required, denied.

## VIII.    ATTORNEY'S FEES AND COSTS

Mirman admits that the terms of the Notes speak for themselves. Otherwise, denied.

## IX.    AFFIRMATIVE AND OTHER DEFENSES

Mirman asserts that he only bears the burden of proof on those matters identified as affirmative defenses in Rule 8(c) of the Federal Rules of Civil Procedure.

1.      Plaintiff's claims are barred, in whole or in part, due to Plaintiff's (or its representatives) own fraud, as described in the Third Party Complaint set forth below.

2.      Plaintiff's claims are barred, in whole or in part, because Mirman did not actually receive the money purported to be loaned.

3.      Plaintiff's claims are barred, in whole or in part, under the doctrine of accord and satisfaction.

4.      Plaintiff's claims are barred, in whole or in part, because the Notes are subject to novation.

5.      Plaintiff's claims are barred, in whole or in part, because the Notes are subject to modification.

6.      Plaintiff's claims are barred, in whole or in part, by the doctrine ratification.

7.      Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

8.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

9.      Plaintiff's claims are barred, in whole or in part, because Mirman substantially performed under the Notes.

10.     Plaintiff's claims are barred, in whole or in part, because Perugia has already been compensated for the amounts owed under the Notes.

## X.     THIRD PARTY COMPLAINT

Pursuant to Federal Rule of Civil Procedure 14(a)(1), Defendant/Third-Party Plaintiff Abraham Mirman files this Third Party Complaint against Third-Party Defendant Ronald D. Ormand ("Ormand") because Ormand is or may be liable to Mirman for all or part of the claims brought against Mr. Mirman by Plaintiff Perugia Investments Ltd., to the extent any such liability exists. The allegations herein are made with personal knowledge as to Mirman's own acts and upon information and belief as to the acts of others:

### Parties

1.      Mirman is an individual residing at 54 Legends Circle, Melville, NY 11747.

2.      Ormand is an individual residing at 33B East Broad Oaks Drive, Houston, Texas 77056.

## Jurisdiction and Venue

3.      The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(l). Mirman is a citizen of New York and Ormand is a citizen of Texas, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4.      Venue is proper under Section 28 U.S.C. § 1391(b)(1)–(2) because this is the judicial district in which Ormand resides and is the district in which a substantial part of the events or omissions giving rise to this claim occurred. Further, pursuant to Federal Rule of Civil Procedure 14, Ormand is or may be liable to Mirman for all or part of the claim against Mirman, to the extent there is any such valid claim.

## Factual Allegations

5.      From April 2014 to August 2017, Mirman was CEO of Lilis Energy, Inc.

6.      Over the course of 2015 and 2016, Mirman agreed to borrow funds from Ormand, paid through companies that Ormand controls, Perugia Investments Ltd. and the Bruin Trust. Only some of those funds were actually paid to Mirman.

7.      In 2016, Mirman sought to borrow $450,000 to complete a subscription in Lilis Energy, Inc. stock. Ormand agreed to loan the money.

8.      Rather than make the loan himself, however, Ormand decided to collect money from Glenn Dawson and Mark Christiansen to fund the loan.

9.      After Mirman borrowed the money, the value of Lilis Energy's stock began to rise significantly. Subsequent to that, Dawson and Christiansen began contacting Mirman repeatedly demanding that they had bought stock, and that the stock be transferred to them.

10.     Although Ormand told Mirman not to worry about the calls, and to ignore them, Dawson and Christiansen continued to pressure Mirman to transfer Lilis Energy stock to them.

11.     Eventually Ormand set out to persuade Mirman to transfer common stock in Lilis Energy to Ormand, Dawson, and Christiansen, in lieu of repayment of the loans.

12.     Ormand told Mirman on numerous occasions in the months leading up to May 2017 that, if Mirman transferred shares of Lilis Energy stock to Ormand, Dawson, and Christiansen, the loans Ormand had made to Mirman (through the companies he controlled), as set forth in the Notes, would be considered fully repaid.

13.     Again, just before Mirman transferred any stock to Ormand, Dawson, and Christiansen, Ormand told Mirman that they had an agreement: Mirman would transfer shares of Lilis Energy stock to Ormand, Dawson, and Christiansen in lieu of repayment pursuant to the terms of the Notes. In other words, the loans described in the Notes, including all principal and interest, would be extinguished.

14.     Shortly thereafter, and in reliance on Ormand's representations described above, on approximately May 3, 2017, Mirman transferred 447,000 shares of Lilis Energy common stock to Ormand, Dawson, and Christiansen. In connection with that sale, Mirman filed an SEC Form 4, which included a footnote explaining the agreement between Mirman and Ormand:[1]

> Securities were originally acquired by the Reporting Person using borrowed funds. The securities are being transferred to the lender of the borrowed funds in lieu of repayment pursuant to the terms of such borrowing arrangement.

15.     Ormand's SEC Form 4, filed on May 5, 2017, contains the same representation of the agreement that had been reached between Ormand and Mirman before the stock transfer:[2]

---

[1] *See* https://www.sec.gov/Archives/edgar/data/1437557/000114420417024944/xslF345X03/v465958_4. xml. A PDF of this filing is attached hereto as Exhibit A.

[2] *See* https://sec.report/Document/0001144204-17-024945/v465959_4.html. A PDF of this filing is attached hereto as Exhibit B.

> The securities were originally acquired using borrowed funds. The securities are being transferred to the Reporting Person in lieu of repayment pursuant to the terms of such borrowing arrangement.

16.     Ormand's SEC Form 4 further confirms that the securities would be held by Perugia. *See* Ex. B.

17.     Likewise, Dawson's Form 4, also filed on May 5, 2017, contains the same representation that Ormand made to Mirman before the transfer was completed:[3]

> The securities were originally acquired using borrowed funds. The securities are being transferred to the Reporting Person in lieu of repayment pursuant to the terms of such borrowing arrangement.

18.     Christiansen was not required to file a Form 4 at the time because he was not a Lilis Energy Insider.

19.     The value of Lilis Energy's stock at the close of May 3, 2017 was $4.58, which places the value of Mirman's transfer to Ormand, Dawson, and Christiansen at over $2,000,000.

## Cause of Action – Fraud

20.     Mirman incorporates by reference the preceding paragraphs as though fully set forth herein.

21.     As described above, Ormand made material misrepresentations in the months leading up to May 2017 that, once Mirman transferred Lilis Energy stock to Ormand, Christiansen, and Dawson, the loans described in the Notes would be satisfied.

22.     Ormand intended for Mirman to rely on his misrepresentations to transfer Lilis Energy Stock to Ormand, Christiansen, and Dawson.

---

[3]  *See*  https://sec.report/Document/0001144204-17-024942/v465957_4.html.  A  PDF  of  this  filing  is attached hereto as Exhibit C.

23.     Mirman relied on Ormand's misrepresentations by, among other things, transferring the Lilis Energy Stock to Ormand, Christiansen, and Dawson as reported to the Securities and Exchange Commission in May 2017.

24.     To the extent Mirman owes any liability to Perugia, Ormand's misrepresentations have caused significant damages to Mirman. Ormand's misrepresentation was further damaged Mirman in defending this suit brought by an entity Ormand controls.

25.     Mirman seeks all of his actual damages, and because Ormand acted with malice, knowledge, and intent, Ormand is also liable for exemplary damages.

## XI.     JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mirman demands a jury on all issues so triable.

## XII.     REQUEST FOR RELIEF

All allegations that are not expressly admitted herein are hereby expressly denied. Mirman reserves the right to amend this Answer in accordance with any order entered by the Court and/or the applicable Federal Rules of Civil Procedure.

Mirman requests that judgment be granted in his favor dismissing all claims asserted by Plaintiff, that he recover his costs in connection to this matter, and that the Court grant Defendant all other relief to which he is entitled.

Mirman further requests, to the extent that Plaintiff is entitled to any recover for Plaintiff's claims in this case, that the Court enter judgment in Mirman's favor and against Ormand for the following:

a)  Damages in the amount of any and all monies owed by Mirman to Plaintiff;

b)  Additional actual damages;

c) Exemplary damages;

d) Court costs and expenses;

e) Prejudgment interest as provided by law;

f) Post-judgment interest as provided by law; and

g) Any other relief to which Mirman may be entitled in equity or law.

Dated:  December 14, 2020

Respectfully submitted,

**AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING P.C.**

*/s/ Jason S. McManis*
Todd Mensing
Federal Bar ID: 302944
State Bar No. 24013156
tmensing@azalaw.com
Jason S. McManis
Federal Bar ID: 3138185
State Bar No. 24088032
jmcmanis@azalaw.com
1221 McKinney St., Suite 2500
Houston, TX 77010
Telephone: 713-655-1101
Facsimile:  713-655-0062

**ATTORNEYS FOR DEFENDANT
ABRAHAM MIRMAN**

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2020, a true and correct copy of this document has been filed electronically via the Court's CM/ECF filing system and subsequently all counsel in this matter deemed to accept service electronically will be notified via the Court's CM/ECF filing system.

*/s/ Jason S. McManis*
Jason S. McManis